## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF NEW MEXICO

WILLIAM GARDNER,

      Plaintiff,

v.                                                                      No. 1:25-cv-01212-SCY[1]

COLDWELL BANKER LEGACY LLC, JUMP
INC., JOHN LOPEZ, PLATINUM REAL ESTATE
PARTNERS LLC, NEW MEXICO LAND AND
TITLE CO., CHAD HAMM, STATE OF NEW
MEXICO, GATTON & ASSOCIATES, P.C.,
GIDDENS AND GATTON LAW FIRM P.C.,
DAVID GIDDENS, in his official and individual
capacities, CHRIS GATTON, in his official and
individual capacities, BURRAGE & JOHNSON,
CPAs, LLC, ACCOUNTING, and JEROME
JOHNSON, in his official and individual
capacities,

      Defendants.

## ORDER TO SHOW CAUSE OR AMEND
## AND ORDER GRANTING MOTION TO FILE ELECTRONICALLY

**THIS MATTER** comes before the Court on *pro se* Plaintiff's Verified Petition for a

Prima Facia [sic] Claims of Fraud, Negligent Misrepresentation, Breach of Contract & Fiduciary

Duty, Unfair Trade Practices, Conversion, Emotional Distress, Violations of NM Civil

Righs [sic] Action and Section 1983 & 1985 Claims and Injunctive Relief, Doc. 1, filed

---

[1] The Clerk's Office assigned the undersigned to this case for review pursuant to 28 U.S.C. §
1915 which allows the Court to authorize commencement of a case without prepayment of the
filing fee. *See* Doc. 3, filed December 5, 2025. Plaintiff has paid the filing fee. *See* Doc. 4, filed
December 5 2025. The undersigned has reviewed the Complaint pursuant to the Court's inherent
power to manage its docket. *See Sec. & Exch. Comm'n v. Mgmt. Solutions, Inc.*, 824 F. App'x
550, 553 (10th Cir. 2020) ("a district court has the inherent power 'to manage [its] own affairs so
as to achieve the orderly and expeditious disposition of cases'" (quoting *Dietz v. Bouldin*, 136 S.
Ct. 1885, 1891-92 (2016)).

December 5, 2025 ("Complaint"), and Plaintiff's [Motion for] Permission by the Court to Use

the PACER System, Doc. 2, filed December 5, 2025 ("Motion to File Electronically").

**Order to Show Cause or Amend**

This case arises from the court-ordered sale of Plaintiff's property located at 8521 Central

Ave. NE Albuquerque NM 87108 on December 26, 2024.  *See* Complaint at 3, ¶ 18; at 7, ¶¶ 39-

41.  The Court recently dismissed another case Plaintiff filed against the Defendants in this case

asserting claims arising from the court-ordered sale of the property at 8521 Central Ave. NE

Albuquerque NM 87108 on December 26, 2024. *See* Amended Complaint at 9, ¶¶ 32, 38,

Doc. 18, filed August 25, 2025, in *Gardner v. Coldwell Banker Legacy,* LLC, No. 1:25-cv-

00684-WJ-SCY ("*Gardner I*"); Order Dismissing Claims Against State Defendants, Doc. 33,

filed November 26, 2025, in *Gardner I* (dismissing claims for lack of subject-matter jurisdiction

based on the State of New Mexico's Eleventh Amendment sovereign immunity); Order of

Dismissal, Doc. 34, filed December 1, 2025, in *Gardner I* (dismissing claims against the Broker

Defendants for failure to state a claim).

As the party seeking to invoke the jurisdiction of this Court, Plaintiff bears the burden of

alleging facts that support jurisdiction. *See Dutcher v. Matheson*, 733 F.3d 980, 985 (10th Cir.

2013) ("Since federal courts are courts of limited jurisdiction, we presume no jurisdiction exists

absent an adequate showing by the party invoking federal jurisdiction"). The Court has identified

some deficiencies in the Complaint, described below, and orders Plaintiff to show cause why the

Court should not dismiss certain claims or to file an amended complaint that remedies those

deficiencies. *See Lowrey v. Sandoval Cty, Children Youth & Families Dep't*, No. 23-2035, 2023

WL 4560223, at *2 (10th Cir. July 17, 2023) ("Given a referral for nondispositive pretrial

matters, a magistrate judge may point out deficiencies in the complaint [and] order a litigant to show cause" (citing 28 U.S.C. § 636(b)(1)(A) and Fed. R. Civ. P. 72(a))).

    A.   <u>Immunity</u>

It appears that the Court does not have jurisdiction over Plaintiff's claims against the State of New Mexico and David Giddens, Chris Gatton, and Jerome Johnson (the "receivership Defendants") in their official capacities. Plaintiff states he is filing claims "against the listed State Defendants Giddens/Gatton/Johnson who are acting as Government officials by their contested court appointed as the receivership and the forensic account for Fraud, Breach of fiduciary duty, *official capacity* for deprivation of rights." Complaint at 5, ¶ 25) (emphasis added). It thus appears that Defendants Giddens, Gatton, and Johnson are state judicial officers and therefore entitled to Eleventh Amendment immunity. *Anderson v. Herbert*, 745 F. App'x 63, 69 (10th Cir. 2018) ("As a general matter, state courts are considered arms of the state."); *Levy v. Kan. Dep't of Social & Rehab. Services*, 789 F.3d 1164, 1169 (10th Cir. 2015) ("Generally, states and their agencies are protected from suit by sovereign immunity, as guaranteed by the Eleventh Amendment."). However, there are three exceptions to the Eleventh Amendment's guarantee of sovereign immunity to states:

> First, a state may consent to suit in federal court. Second, Congress may abrogate a state's sovereign immunity by appropriate legislation when it acts under Section 5 of the Fourteenth Amendment. Finally, under *Ex parte Young,* 209 U.S. 123 (1908), a plaintiff may bring suit against individual state officers acting in their official capacities if the complaint alleges an ongoing violation of federal law and the plaintiff seeks prospective relief.

*Levy*, 789 F.3d at 1169 (quotation marks omitted).

Plaintiff has not shown that the State of New Mexico has consented to suit in this Court. Plaintiff alleges that the New Mexico Civil Rights Act provides that "[t]he state shall not have sovereign immunity for itself" and "the public body or person acting on behalf of, under color of

3

or within the course and scope of authority of the public body provided pursuant to the [New Mexico Civil Rights Act] shall not assert sovereign immunity as a defense or bar to an action." Complaint at 1-2. The New Mexico Civil Rights Act waives sovereign immunity for claims for deprivations of rights pursuant to the New Mexico Constitution brought in state court; it does not waive sovereign immunity for claims for deprivations of rights brought in this United States Court. *See* N.M.S.A. §§ 41-4A-3(B)[2] and 41-4A-9.[3]

Plaintiff has not shown that the United States Congress abrogated the State's sovereign immunity. Plaintiff alleges he "has claims against the Defendants-Giddens and Gatton as an arm of Government for violation of" 42 U.S.C. §§1983 and 1985. *See* Complaint at 1. "[S]tates may not be sued in federal court . . . unless Congress, pursuant to a valid exercise of power, *unequivocally expresses* its intent to abrogate [Eleventh Amendment] immunity." *Collins v. Daniels*, 916 F.3d 1302, 1315 (10th Cir. 2019) (emphasis added). Sections 1983 and 1985 do not unequivocally express Congress' intent to abrogate States' Eleventh Amendment sovereign immunity. "[T]he United States Supreme Court has previously held that Congress did not abrogate states' Eleventh Amendment immunity when it enacted 42 U.S.C. § 1983." *Ruiz v. McDonnell*, 299 F.3d 1173, 1181 (10th Cir. 2002) (*citing Quern v. Jordan,* 440 U.S. 332, 345 (1979)).

---

[2]"A person who claims to have suffered a deprivation of any rights, privileges or immunities *pursuant to the bill of rights of the constitution of New Mexico* due to acts or omissions of a public body or person acting on behalf of, under color of or within the course and scope of the authority of a public body may maintain an action to establish liability and recover actual damages and equitable or injunctive relief *in any New Mexico district court*." N.M.S.A. § 41-4A-3(B) (emphasis added).

[3]"The state shall not have sovereign immunity for itself or any public body within the state *for claims brought pursuant to the New Mexico Civil Rights Act*, and the public body or person acting on behalf of, under color of or within the course and scope of the authority of the public body provided pursuant to the New Mexico Civil Rights Act shall not assert sovereign immunity as a defense or bar to an action." N.M.S.A. § 41-4A-9 (emphasis added).

Plaintiff alleges the *Ex parte Young* exception to sovereign immunity applies in this case because Plaintiff "is suing the Defendants who are NM state officers acting in their official capacities and as individuals as the complaint alleges an ongoing violation of federal law." Complaint at 20, ¶ 119.   Plaintiff alleges Defendants deprived Plaintiff of due process when they sold the property on December 26, 2024.  *See* Complaint at 10, ¶ 59.  There are, however, no factual allegations showing that there is an ongoing violation of federal law.  Furthermore, the *Ex parte Young* exception does not apply to the State of New Mexico.  *See Clark v. Haaland*, 2024 WL 4763759 *4 (10th Cir.) ("[F]or the *Ex parte Young* exception to apply, plaintiffs must show that they are: (1) suing state officials rather than the state itself . . .").

Similarly, it appears that Plaintiff's claims against the receivership Defendants in their personal capacities are barred by judicial immunity. "[S]tate court judges are absolutely immune from monetary damages claims for actions taken in their judicial capacity, unless the actions are taken in the complete absence of all jurisdiction." *Sawyer v. Gorman*, 317 F. App'x 725, 727 (10th Cir. 2008) (*quoting Mireles v. Waco,* 502 U.S. 9, 11-12 (1991)). "[I]mmunity which derives from judicial immunity may extend to persons other than a judge where performance of judicial acts or activity as an official aid of the judge is involved. Absolute judicial immunity has thus been extended to non-judicial officers, like clerks of court, where their duties had an integral relationship with the judicial process." *Sawyer v. Gorman*, 317 F. App'x 725, 728 (10th Cir. 2008). "[A] court-appointed receiver has absolute quasi-judicial immunity if he is faithfully carrying out the appointing judge's orders, because enforcing a court order is intrinsically associated with a judicial proceeding." *Teton Millwork Sales v. Schlossberg*, 311 F. App'x 145, 150 (10th Cir. 2009) (cleaned up). Here, Plaintiff's Complaint does not state a claim that these

Defendants exceeded the appointing judge's orders. Plaintiff makes the conclusory allegation

that Defendants "were outside the scope of the receiver's authority acting without court orders or

exceeding the powers granted in the appointment order," but does not set forth specific facts

supporting that allegation.  Complaint at 15, ¶ 86; *see Brooks v. Mentor Worldwide LLC*, 985

F.3d 1272, 1281 (10th Cir. 2021) ("Conclusory allegations are "not entitled to the assumption of

truth . . . we disregard conclusory statements and look to the remaining factual allegations to see

whether Plaintiffs have stated a plausible claim").  Indeed, Plaintiff attaches as Exhibit 3 the

state-court order appointing the receivers and authorizing the receivers to sell property.  *See*

Complaint at 47-53.

      B.    <u>Diversity Jurisdiction</u>

     Plaintiff invokes the Court's diversity jurisdiction but does not muster sufficient

allegations to support diversity jurisdiction.  *See* Complaint at 2-3. Under 28 U.S.C. § 1332(a),

federal courts have "original jurisdiction in all civil actions where the matter in controversy

exceeds the sum or value of $75,000, exclusive of interest and costs and is between citizens of

different States . . . ." "A federal court's jurisdiction must clearly appear from the face of a

complaint . . . ." *Whitelock v. Leatherman*, 460 F.2d 507, 514 (10th Cir. 1972).

     A corporation is deemed to be a citizen of the state in which it is incorporated and in

which it maintains its principal place of business. *See* 28 U.S.C. § 1332(c). For Defendants Jump

Inc. and New Mexico Land and Title Co., Plaintiff must allege their state of incorporation and

principal place of business. And Plaintiff must do the same for the professional corporation

defendants, Gatton & Associates, P.C. and Giddens and Gatton Law Firm P.C. *See Struck v.*

*Jason Duprat CRNA, P.C.*, No. 20cv1026, 2020 WL 7385729, at *2 (D.N.M. Dec. 16, 2020)

(collecting cases for the proposition that under New Mexico law professional corporations are

treated as corporations, and their citizenship is therefore determined by state of incorporation and principal place of business).

Defendants Coldwell Banker Legacy LLC, Platinum Real Estate Partners LLC and Burrage & Johnson, CPAs LLC by name appear to be limited liability companies. A limited liability company is a citizen of each and every state in which any member is a citizen. *See Siloam Springs Hotel, LLC v. Century Sur. Co.*, 781 F.3d 1233, 1237-38 (10th Cir. 2015) ("Supreme Court precedent makes clear that in determining the citizenship of an unincorporated association for purposes of diversity, federal courts must include all the entities' members") (citing *Carden v. Arkoma Ass'n*, 494 U.S. 185, 195-96 (1990)).

"[W]here an LLC has, as one of its members, another LLC, the citizenship of unincorporated associations must be traced through however many layers of partners or members there may be to determine the citizenship of the LLC." *Gerson v. Logan River Acad.*, 20 F.4th 1263, 1269 n.2 (10th Cir. 2021) (internal quotation marks omitted). Therefore, "[t]o properly allege the citizenship of one of these types of business entities [LLCs], the party seeking federal court jurisdiction must start by identifying each and every partner or member of the entity, and if any of those partners or members are themselves entities, their constituent persons or entities must also be identified, and so on as far down as necessary to unravel fully the citizenship of the entity before the court." *DCP Operating Co., LP v. Travelers Indem. Co.*, No. 24cv628 SMD/KRS, 2025 WL 404906, at *2 (D.N.M. Feb. 5, 2025) (internal quotation marks omitted); *see also MidCap Media Fin., LLC v. Pathway Data, Inc.*, 929 F.3d 310, 314 (5th Cir. 2019) (to establish diversity jurisdiction with LLCs, "the pleadings needed to identify [the LLC's] members and allege their citizenship"); *Carter v. Healthport Technologies, LLC*, 822 F.3d 47, 60 (2d Cir. 2016) ("the Complaint is deficient because it contains no allegation as to the identity or

citizenship of [the LLC's] members"); *West v. Louisville Gas & Elec. Co.*, 951 F.3d 827, 830 (7th Cir. 2020) (for partnerships and LLCs, "only the partners' or members' citizenships matter" and "their identities and citizenships must be *revealed*. We do not blithely accept assurances along the lines of 'no one on our side is a citizen of the opposing litigant's state.'" (citation omitted)). Plaintiff has not alleged the names and citizenships of all members of these LLCs.

C.     Claim Preclusion

It appears Plaintiff's claims are barred by claim preclusion based on the entry of final judgment in *Gardner I.*

> Claim preclusion, also known as res judicata, prevents a party from "litigating a legal claim that was or *could have been* the subject of a previously issued final judgment." *Lenox MacLaren Surgical Corp. v. Medtronic, Inc.*, 847 F.3d 1221, 1239 (10th Cir. 2017) (emphasis added) (quoting *MACTEC, Inc. v. Gorelick*, 427 F.3d 821, 831 (10th Cir. 2005)). Three elements must be established for claim preclusion to attach: (1) a final judgment on the merits in a prior action; (2) the identity (i.e., sameness) of parties or their privies in the prior and instant suits; and (3) the "identity of the cause of action in both suits." *Id.* (quoting *King v. Union Oil Co. of Cal.*, 117 F.3d 443, 445 (10th Cir. 1997)); *see Hatch v. Boulder Town Council*, 471 F.3d 1142, 1149 (10th Cir. 2006). The Tenth Circuit defines "cause of action" according to the "transactional approach" articulated in the Restatement (Second) of Judgments, under which "a cause of action includes all claims or legal theories of recovery that arise from the same transaction, event, or occurrence." *Nwosun v. Gen. Mills Rests., Inc.*, 124 F.3d 1255, 1257 (10th Cir. 1997); *see Petromanagement Corp. v. Acme–Thomas Joint Venture*, 835 F.2d 1329, 1335–36 (10th Cir. 1988). Under our transactional approach, a party cannot avoid preclusion by repackaging precluded claims "under the rubric of slightly different legal theories" where the "new" and precluded claims stem from the same transaction or occurrence. *Plotner v. AT & T Corp.*, 224 F.3d 1161, 1170 (10th Cir. 2000); *see Clark v. Haas Grp., Inc.*, 953 F.2d 1235, 1238–39 (10th Cir. 1992) (collecting cases).
>
> Even where the foregoing elements are satisfied, claim preclusion will not attach if the party resisting preclusion "did not have a full and fair opportunity to litigate the claim in the prior suit." *Lenox MacLaren Surgical Corp.*, 847 F.3d at 1243 (quoting *MACTEC, Inc.*, 427 F.3d at 831). "This narrow exception [3] applies only where the requirements of due process were not afforded," that is, "where a party shows 'a deficiency that would undermine the fundamental fairness of the original proceedings.'" *Id.* (quoting *Nwosun*, 124 F.3d at 1257). We evaluate the fairness of the prior proceeding "by examining any procedural limitations, the party's incentive to fully litigate the claim, and whether effective litigation was

limited by the nature or relationship of the parties." *Id.* (quoting *Nwosun*, 124 F.3d at 1257–58). Thus, claim preclusion prevents "parties or their privies from relitigating issues that were or *could have been raised* in the prior action." *Wilkes*, 314 F.3d at 503–04 (quoting *Satsky v. Paramount Commc'ns, Inc.*, 7 F.3d 1464, 1467 (10th Cir. 1993)).

*Watkins v. Genesh, Inc.*, 135 F.4th 1224, 1229-30 (10th Cir. 2025) (footnotes omitted).

The Defendants in this case were defendants in *Gardner I.* This case and *Gardner I* arise from court-ordered sale of the property at 8521 Central Ave. NE Albuquerque NM 87108 on December 26, 2024. The Court entered a final judgment in *Gardner I* on December 1, 2025. *See* Doc. 25, in Gardner I; *Judgment*, Black's Law Dictionary (12th ed. 2024) (defining "final judgment" as "A court's last action that settles the rights of the parties and disposes of all issues in controversy, except for the award of costs (and, sometimes, attorney's fees) and enforcement of the judgment. — Also termed *final appealable judgment*").

D.    <u>Order to Show Cause or Amend</u>

The Court therefore orders Plaintiff to show cause why it should not dismiss claims for the reasons stated above. Alternatively, Plaintiff may file an amended complaint that remedies the deficiencies described above. The amended complaint must identify each Defendant Plaintiff is asserting claims against and clearly state what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.") (emphasis in original). The amended complaint must comply with the Federal and Local Rules of Civil Procedure. *See*, *e.g.*, Fed. R. Civ. P. 10(b) ("A party must state its claims or defenses in numbered paragraphs.").

**Order Granting Motion to File Electronically**

The Court grants Plaintiff permission to file electronically in this case only. *See* Guide for Pro Se Litigants at 13, District of New Mexico (October 2022) ("approval to electronically file documents within a case must be granted by the presiding judge for each case in which the *pro se* litigant wishes to file using their CM/ECF account"). The Court will revoke permission to file electronically if Plaintiff abuses his electronic filing privilege or fails to comply with the rules and procedures in the District of New Mexico's Guide for Pro Se Litigants and the District of New Mexico's CM/ECF Administrative Procedures Manual. Account registration forms, procedure manuals, and other information can be obtained at the Court's website at http://www.nmd.uscourts.gov/filing-information. This Order only grants Plaintiff permission to participate in CM/ECF; Plaintiff is responsible for registering to become a participant. *See* CM/ECF Administrative Procedures Manual, District of New Mexico (Revised June 2024).

**Case Management**

> Generally, *pro se* litigants are held to the same standards of professional responsibility as trained attorneys. It is a *pro se* litigant's responsibility to become familiar with and to comply with the *Federal Rules of Civil Procedure* and the *Local Rules of the United States District Court for the District of New Mexico* (the "Local Rules").

Guide for Pro Se Litigants at 4, United States District Court, District of New Mexico (October 2022). The Local Rules, the Guide for Pro Se Litigants and a link to the Federal Rules of Civil Procedure are available on the Court's website: http://www.nmd.uscourts.gov.

Failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure interferes with the judicial process and may result in monetary and non-monetary sanctions including filing restrictions and dismissal of this case. *See* Fed. R. Civ. P. 41(b) ("If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action"); *Gustafson v. Luke*, 696 Fed.Appx. 352, 354 (10th Cir. 2017) ("Although the

language of Rule 41(b) requires that the defendant file a motion to dismiss, the Rule has long been interpreted to permit courts to dismiss actions sua sponte for a plaintiff's failure to prosecute or comply with the rules of civil procedure or court's orders.") (quoting *Olsen v. Mapes*, 333 F.3d 1199, 1204 n.3 (10th Cir. 2003)).

**Compliance with Rule 11**

The Court reminds Plaintiff of his obligations pursuant to Rule 11 of the Federal Rules of Civil Procedure. *See Yang v. Archuleta*, 525 F.3d 925, 927 n. 1 (10th Cir. 2008) ("*Pro se* status does not excuse the obligation of any litigant to comply with the fundamental requirements of the Federal Rules of Civil and Appellate Procedure."). Rule 11(b) provides:

> **Representations to the Court.** By presenting to the court a pleading, written motion, or other paper--whether by signing, filing, submitting, or later advocating it--an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances:
>
> **(1)** it is not being presented for any improper purpose, such as to harass, cause unnecessary delay, or needlessly increase the cost of litigation;
>
> **(2)** the claims, defenses, and other legal contentions are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law;
>
> **(3)** the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery; and
>
> **(4)** the denials of factual contentions are warranted on the evidence or, if specifically so identified, are reasonably based on belief or a lack of information.

Fed. R. Civ. P. 11(b). Failure to comply with the requirements of Rule 11 may subject Plaintiff to sanctions, including monetary penalties and nonmonetary directives. *See* Fed. R. Civ. P. 11(c).

**IT IS ORDERED** that:

(i)     Plaintiff shall, within 21 days of entry of this Order: (a) show cause why the Court

should not dismiss Plaintiff's claims for the reasons stated above; or (b) file an

amended complaint that remedies the deficiencies described above.  Failure to

timely show cause or file an amended complaint may result in dismissal of this

case.

(ii)    Plaintiff's [Motion for] Permission by the Court to Use the PACER System,

Doc. 2, filed December 5, 2025, is **GRANTED.**

_____
**UNITED STATES MAGISTRATE JUDGE**