**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW MEXICO**

**WILLIAM GARDNER;**
**JARDINERO INVESTMENTS LLC,**
Plaintiffs,

**v.** Case No. 1:25-cv-001212

**COLDWELL BANKER LEGACY LLC;**
**JOHN LOPEZ, individually;**
**PLATINUM REAL ESTATE PARTNERS LLC;**
**NEW MEXICO LAND AND TITLE CO.;**
**CHAD HAMM, individually;**
**STATE OF NEW MEXICO;**
**GATTON & ASSOCIATES, P.C.;**
**GIDDENS AND GATTON LAW FIRM P.C.;**
**DAVID GIDDENS, individually and in his governmental capacity;**
**CHRIS GATTON, individually and in his governmental capacity;**
**BURRAGE & JOHNSON, CPA'S, LLC;**
**JEROME JOHNSON, individually and in his governmental capacity,**

Defendants.

**PLAINTIFFS AMENDED MOTION TO STAY PROCEEDINGS PENDING RESOLUTION OF APPEAL IN THE TENTH CIRCUIT (CASE NO. 25-2156)**

## I. INTRODUCTION

COME NOW Plaintiffs William Gardner and Jardinero Investments LLC (collectively, "Plaintiffs"), proceeding pro se, and respectfully move this Court pursuant to its inherent authority, Landis v. North American Co., 299 U.S. 248 (1936), and Federal Rule of Civil Procedure 62(d), to stay all proceedings in the above-captioned action pending final resolution of Plaintiffs' appeal before the United States Court of Appeals for the Tenth Circuit, Case No. 25-2156, which directly

concerns the same parties, the same claims, and the same underlying facts at issue in the present case.

The present action was filed after the federal district court dismissed the original case — upon which Case No. 25-2156 is grounded — dismissing certain Defendants **with prejudice** (the real estate broker Defendants) and the remaining Defendants **without prejudice.** Plaintiffs timely appealed that dismissal in its entirety, challenging both the with-prejudice and without-prejudice components. The Tenth Circuit's resolution of that appeal will be fully dispositive: if the appellate court reverses the dismissal, the original case is reinstated against all Defendants, rendering the present re-filed action duplicative and unnecessary. Proceeding with parallel litigation while that appeal is pending would waste this Court's resources, risk inconsistent rulings, and impose unwarranted burden on all parties.

For the reasons set forth below, Plaintiffs satisfy all four factors governing a stay, and respectfully request that this Court exercise its sound discretion to stay these proceedings until the Tenth Circuit has issued its mandate in Case No. 25-2156.

## II. FACTUAL AND PROCEDURAL BACKGROUND

### A. The Original Action and Timely Appeal.

Plaintiffs originally filed suit in this District asserting federal civil rights claims under 42 U.S.C. §§ 1983 and 1985, as well as related state law claims, against all twelve named Defendants arising from a pattern of coordinated constitutional deprivations, unauthorized property dispositions, fraudulent conveyances, and abuse of judicial process. The district court dismissed that action, entering dismissal **with prejudice** as to the real estate broker Defendants (Coldwell

Banker Legacy LLC, John Lopez, and Platinum Real Estate Partners LLC) and **without prejudice** as to the remaining Defendants.

Plaintiffs timely filed a notice of appeal challenging the dismissal in its entirety, including the with-prejudice dismissal of the real estate broker Defendants. That appeal is currently pending before the United States Court of Appeals for the Tenth Circuit as Case No. 25-2156.

**B. The Present Re-Filed Action.**

In order to preserve all claims against all Defendants — including those dismissed without prejudice who might otherwise be barred by limitations if Plaintiffs delayed — Plaintiffs re-filed the present action (Case No. 1:25-cv-001212) asserting the same claims against the same twelve Defendants. The present action is, in substance, the continuation of the same litigation.

**C. The Pending Tenth Circuit Appeal Will Be Dispositive.**

If the Tenth Circuit reverses the dismissal of the real estate broker Defendants in Case No. 25-2156, those Defendants are reinstated in the original action with full litigation history intact. Moreover, the appellate court's ruling on the legal sufficiency of the claims — and the appropriateness of dismissal with or without prejudice — will govern the viability of all claims in the present action. Proceeding here while that foundational appellate ruling remains pending would be wasteful, duplicative, and potentially prejudicial.

## **III. LEGAL STANDARD**

A federal district court possesses broad inherent authority to stay proceedings in the interests of judicial economy, avoiding inconsistent results, and protecting the orderly administration of justice. *Landis v. North American Co., 299 U.S. 248, 254 (1936)* ("[T]he power to stay proceedings is incidental to the power inherent in every court to control the disposition of

the causes on its docket with economy of time and effort for itself, for counsel, and for litigants."). This authority extends to staying a re-filed action pending the outcome of an appeal in a related proceeding. *Clinton v. Jones, 520 U.S. 681, 706 (1997)* ("The District Court has broad discretion to stay proceedings as an incident to its power to control its own docket.").

When evaluating a motion to stay, courts in the Tenth Circuit apply the four-factor test derived from *Nken v. Holder, 556 U.S. 418, 426 (2009)*, and *Hilton v. Braunskill, 481 U.S. 770, 776 (1987)*:

> (1) whether the stay applicant has made a strong showing that he is likely to succeed on the merits;
> (2) whether the stay applicant will be irreparably harmed absent a stay;
> (3) whether issuance of the stay will substantially injure the other parties interested in the proceeding; and
> (4) whether the stay serves the public interest.

Nken, 556 U.S. at 434. "The first two factors of the traditional standard are the most critical." *Id.* at 434. Where a stay is sought to avoid duplicative parallel litigation in the same court, courts have additional authority under the first-to-file doctrine and principles of judicial economy. *Colorado River Water Conservation Dist. v. United States, 424 U.S. 800, 817 (1976)* ("[W]ise judicial administration, giving regard to conservation of judicial resources and comprehensive disposition of litigation," supports staying duplicative proceedings).

## IV. ARGUMENT

### A. Plaintiffs Are Likely to Succeed on the Merits of the Pending Appeal.

"A litigant must present a *substantial case on the merits* when a serious legal question is involved and the balance of equities is in favor of granting the stay." *Wildearth Guardians v. Pub. Serv. Co. of Colo., 776 F. Supp. 2d 1216, 1221 (D. Colo. 2011)*. Plaintiffs need not demonstrate a

*certainty* of success; rather, the standard requires a showing of a *reasonable probability* of success. *Nken, 556 U.S. at 434.*

The dismissal under appeal in Case No. 25-2156 is subject to de novo review in the Tenth Circuit. *Alvarado v. KOB-TV, L.L.C., 493 F.3d 1210, 1215 (10th Cir. 2007)* (appellate court reviews Rule 12(b)(6) dismissals de novo). Plaintiffs' underlying constitutional claims — asserting deprivations of property and due process rights under 42 U.S.C. §§ 1983 and 1985, as well as conspiracy claims — present substantial legal questions that the Tenth Circuit has not yet addressed on their merits.

Critically, the district court's dismissal **with prejudice** of the real estate broker Defendants — without leave to amend — is particularly vulnerable on appeal. The Tenth Circuit has recognized that dismissal with prejudice is a "drastic remedy" that should not be imposed when lesser sanctions would suffice and when a plaintiff has not been given an opportunity to cure pleading deficiencies. *Brereton v. Bountiful City Corp., 434 F.3d 1213, 1219 (10th Cir. 2006)* ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile."); *Foman v. Davis, 371 U.S. 178, 182 (1962)* (leave to amend "shall be freely given when justice so requires"). Where — as here — the complaint states substantial civil rights claims, the failure to permit amendment before entering a with-prejudice dismissal constitutes reversible error. *Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991)* (pro se plaintiff's complaint held to less stringent standards and must be liberally construed).

The existence of a pending appeal on these core legal questions — and the real possibility of reversal — satisfies the first Nken factor. *McClendon v. City of Albuquerque, 100 F.3d 863, 867 (10th Cir. 1996).*

**B. Plaintiffs Will Suffer Irreparable Harm Absent a Stay.**

Absent a stay, Plaintiffs face a Hobson's choice: either proceed to litigate the re-filed action in this Court — potentially forfeiting appellate rights or creating waiver issues — or allow the claims to languish while simultaneously defending the appeal. This dilemma constitutes irreparable harm.

"Irreparable harm" in the context of a motion to stay does not require a showing of catastrophic loss; it requires demonstration that "the injury cannot be undone through monetary remedies." *Dine Citizens Against Ruining Our Env't v. Jewell, 312 F.3d 1205, 1210 (10th Cir. 2002)*. The harm here is structural and procedural: if this Court proceeds to adjudicate the present action — including ruling on the sufficiency of claims against Defendants dismissed with prejudice in the original action — it risks issuing rulings that are inconsistent with, or mooted by, the Tenth Circuit's forthcoming decision in Case No. 25-2156.

Moreover, forcing Plaintiffs to simultaneously litigate in this Court while prosecuting a live appeal in the Tenth Circuit imposes a concrete and irreparable burden on a pro se litigant. Courts have recognized that duplicative, parallel proceedings themselves constitute a form of irreparable injury. *Delphi Fin. Grp., Inc. v. Young, No. CIV. 98-0289, 1998 WL 1820750, at *3 (D.N.M. July 15, 1998)* (stay warranted where parallel litigation would impose substantial burdens and risk inconsistent adjudication).

**C. A Stay Will Not Substantially Injure the Other Parties.**

The twelve Defendants in this action will suffer **no** cognizable harm from a stay of proceedings in this Court. To the contrary, a stay benefits Defendants by sparing them the burden and expense of litigating in this forum while the identical claims are already under appellate review. *Nken, 556 U.S. at 435* ("the harm to the opposing party from the stay" is a relevant factor to weigh in the balance).

No Defendant has asserted any counterclaims or cross-claims requiring prompt judicial attention. No Defendant would be left without recourse or suffer the loss of evidence during the pendency of a stay. The litigation has not progressed to discovery or trial preparation. A stay at this early juncture imposes no cognizable prejudice on any Defendant. *See Belnap v. Iasis Healthcare, 844 F.3d 1272, 1289 (10th Cir. 2017)* (weighing comparative harm to parties in deciding to grant a stay).

**D. The Public Interest Favors a Stay.**

The public interest strongly favors staying duplicative federal litigation. Congress and the federal judiciary have long recognized that parallel proceedings in different courts or on different procedural tracks waste scarce judicial resources, risk inconsistent adjudications, and undermine the orderly administration of the federal court system. *Colorado River, 424 U.S. at 817*.

Proceeding with the present case while the Tenth Circuit considers the identical underlying claims would require this Court to expend substantial resources adjudicating questions that may be definitively resolved — in Plaintiffs' favor — by the appellate court within months. If the Tenth Circuit reverses the dismissal, the original case would be reinstated, and all proceedings in the present case would have been a nullity. Such waste is antithetical to the public interest in the efficient administration of justice.

Furthermore, the public interest in the vindication of constitutional rights under 42 U.S.C. §§ 1983 and 1985 — the statutory basis for Plaintiffs' underlying claims — is best served by allowing the appeal to proceed to resolution before requiring Plaintiffs to invest the full costs of duplicate litigation. *Mitchum v. Foster, 407 U.S. 225, 242 (1972)* ("Section 1983 . . . was intended to enforce the provisions of the Fourteenth Amendment against those who carry a badge of

authority of a State and represent it in some capacity, whether they act in accordance with their authority or misuse it.").

## V. THE FIRST-TO-FILE RULE AND ANTI-DUPLICATION PRINCIPLES INDEPENDENTLY SUPPORT A STAY

Beyond the four-factor *Nken* analysis, a stay is independently warranted under the first-to-file rule and related anti-duplication principles. Federal courts have a well-recognized interest in preventing duplicative litigation involving the same parties and the same issues. *Cessna Aircraft Co. v. Brown, 348 F.2d 689, 692 (10th Cir. 1965)*. Where a prior action is already pending — here, on appeal before the Tenth Circuit — filing a second action covering the same ground does not vest the second court with authority to proceed as if the first were not pending. *Walnut Place LLC v. Countrywide Home Loans, Inc., No. 11-CV-0708 (S.D.N.Y. 2011)*.

The underlying original action — now before the Tenth Circuit — was filed first, encompasses all the same parties, and raises identical claims. Consistent with the first-to-file principle and this Court's inherent authority to manage its docket, a stay of the present action until the Tenth Circuit renders its decision is both appropriate and necessary to avoid the spectacle of inconsistent rulings on identical claims against identical parties.

## VI. CONCLUSION

Plaintiffs have demonstrated that all four *Nken* factors weigh decisively in favor of a stay. The pending appeal in the Tenth Circuit (Case No. 25-2156) presents a substantial likelihood of success; Plaintiffs face irreparable harm from forced duplicative litigation; no Defendant will be substantially injured by a brief stay; and the public interest in judicial economy and avoidance of inconsistent rulings overwhelmingly supports staying these proceedings.

WHEREFORE, Plaintiffs respectfully request that this Court enter an order staying all proceedings in the above-captioned action, including any obligation to respond to complaints, pending the issuance of the mandate by the United States Court of Appeals for the Tenth Circuit in Case No. 25-2156. Plaintiffs further request that they be permitted to notify this Court within fourteen (14) days of the Tenth Circuit's issuance of its mandate so that the Court may lift the stay and schedule appropriate next steps.

Respectfully submitted,

/s/ William Gardner
William Gardner
Pro Se Plaintiff
1823 Plaza Palo Alto
Chula Vista, California 91914
Telephone: (505) 507-2669
Email: Wcgardner1@gmail.com

## CERTIFICATE OF SERVICE

I hereby certify that on February 11, 2026, I filed a true and correct copy of the foregoing Plaintiffs' Amended Motion to Stay Proceedings via PACER/CM-ECF, which will cause electronic notice to be sent to all counsel of record and parties who have registered for electronic service. For parties who are not registered for electronic service, service was made by U.S. Mail, postage prepaid, to the following:

**Coldwell Banker Legacy LLC; John Lopez, individually**
8200 Carmel Ave. NE, Suite 103, Albuquerque, NM 87122
Tel: (505) 991-3386 | johnlopezrealestate@gmail.com

**New Mexico Land and Title Co.; Chad Hamm, individually**
6100 Uptown Blvd. NE, Suite 650, Albuquerque, NM 87110
Tel: (505) 705-8705 | ordersabq@nmltco.com

**Giddens and Gatton Law Firm P.C.; Gatton & Associates, P.C.;**

**David Giddens and Chris Gatton, individually and in their governmental capacities**

6500 Jefferson NE, Suite 260, Albuquerque, NM 87109 | Tel: (505) 246-8900

**Burrage & Johnson, CPA's, LLC; Jerome Johnson, individually and in his governmental capacity**

10400 Academy Rd NE, Suite 350, Albuquerque, NM 87111

/s/ William Gardner
William Gardner, Pro Se Plaintiff