**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER and
JARDINERO INVESTMENTS LLC,

      Plaintiff,

v.                                    No. 1:25-cv-01212-SMD-SCY

COLDWELL BANKER LEGACY LLC,
JUMP INC.,
JOHN LOPEZ,
PLATINUM REAL ESTATE PARTNERS LLC,
NEW MEXICO LAND AND TITLE CO.,
CHAD HAMM,
STATE OF NEW MEXICO,
GATTON & ASSOCIATES, P.C.,
GIDDENS AND GATTON LAW FIRM P.C.,
DAVID GIDDENS, in his official and individual capacities,
CHRIS GATTON, in his official and individual capacities,
BURRAGE & JOHNSON, CPAs, LLC, ACCOUNTING, and
JEROME JOHNSON, in his official and individual capacities,

      Defendants.

### ORDER REGARDING PLAINTIFF JARDINERO INVESTMENTS LLC AND ORDER GRANTING MOTION TO STAY IN PART

Plaintiff William Gardner, who is proceeding *pro se*, asserted claims arising from the court-ordered sale of Plaintiff's property located at 8521 Central Ave. NE Albuquerque NM 87108 on December 26, 2024. *See* Verified Petition for a Prima Facia [sic] Claims of Fraud, Negligent Misrepresentation, Breach of Contract & Fiduciary Duty, Unfair Trade Practices, Conversion, Emotional Distress, Violations of NM Civil Righs [sic] Action and Section 1983 & 1985 Claims and Injunctive Relief, Doc. 1, filed December 5, 2025 ("Complaint").

Plaintiff William Gardner subsequently filed an Amended Complaint which, among other things, adds Jardinero Investments LLC as a plaintiff. *See* Amended Verified Petition for

Violations of Civil Rights Under 42 U.S.C. §§ 1983 and 1985, New Mexico Civil Rights Act, Fraud, Negligent Misrepresentation, Breach of Contract and Fiduciary Duty, Unfair Trade Practices, Conversion, Intentional Infliction of Emotional Distress, and Injunctive Relief, Doc. 8, filed December 29, 2025 ("Amended Complaint") (stating the property that is the subject of this action is "owned by Jardinero Investments LLC, a limited liability company in which Plaintiff holds a 35% ownership interest").

**Order Regarding Plaintiff Jardinero Investments LLC**

Plaintiff Gardner, who is not an attorney authorized to practice before this Court, cannot bring claims on behalf of Jardinero Investments LLC. *See Fymbo v. State Farm Fire & Cas. Co.*, 213 F.3d 1320, 1321 (10th Cir. 2000) ("A litigant may bring his own claims to federal court without counsel, but not the claims of others"). Jardinero Investments LLC is not represented by counsel as required by the Court's Local Rules. *See* D.N.M.LR-Civ. 83.7 ("A corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court"). United States Magistrate Judge Steven C. Yarbrough notified Plaintiff Gardner, on December 8, 2025, of his responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure. *See* Order to Show Cause at 10, Doc. 5.

The Court orders Jardinero Investments LLC to have an attorney authorized to practice before this Court enter an appearance on behalf of Jardinero Investments LLC within 14 days of entry of this Order. Failure to do so may result in dismissal of Jardinero Investments LLC's claims without prejudice.

**Order Granting Motion to Stay In Part**

The Broker Defendants filed a Motion to Dismiss the claims against them for failure to state a claim and for lack of jurisdiction. *See* Broker Defendants' Motion to Dismiss for Lack of

Jur[is]diction and For Failure to State a Claim upon which Relief can be Granted, Doc. 10, filed February 5, 2026.

Six days after the Broker Defendants filed their Motion to Dismiss, Plaintiffs filed an Amended Motion to Stay Proceedings Pending Resolution of Appeal in the Tenth Circuit. *See* Doc. 14, filed February 11, 2026 ("Motion to Stay"). Plaintiff William Gardner previously filed another case which "directly concerns the same parties, the same claims, and the same underlying acts at issue in the present case." Motion to Stay at 1-2; *see Gardner v. Coldwell Banker Legacy, LLC*, No. 1:25-cv-00684-WJ-SCY ("*Gardner I*"). Senior United States District Judge William P. Johnson granted the Broker Defendants' motion to dismiss Plaintiff's claims against them for failure to state a claim, dismissed those claims with prejudice, and dismissed *Gardner I* on December 1, 2025. *See* Doc. 34, filed in *Gardner I*. Plaintiff appealed the dismissal of *Gardner I* on December 16, 2025. *See* Doc. 40. The appeal remains pending.

Plaintiffs ask the Court to stay proceedings in this case pending the resolution of the appeal in *Gardner I* stating:

> The Tenth Circuit's resolution of that appeal will be fully dispositive: if the appellate court reverses the dismissal, the original case is reinstated against all Defendants, rendering the present re-filed action duplicative and unnecessary. Proceeding with parallel litigation while that appeal is pending would waste this Court's resources, risk inconsistent rulings, and impose unwarranted burden on all parties.

Motion to Stay at 2.

> The factors to be considered by a court in determining whether to grant a stay pending appeal are well established. They are (1) the likelihood that the party seeking the stay will prevail on the merits of the appeal; (2) the likelihood that the moving party will suffer irreparable injury unless the stay is granted; (3) whether granting the stay will result in substantial harm to the other parties to the appeal; and (4) the effect of granting the stay upon the public interest.

*In re Lang*, 414 F.3d 1191, 1201 (10th Cir. 2005).

Plaintiff argues that he is likely to prevail on the merits of his appeal because Judge Johnson dismissed the claims against the Broker Defendants with prejudice without giving Plaintiff leave to amend. *See* Motion to Stay at 5 (quoting *Brereton v. Bountiful City Corp.*, 434 F.3d 1213, 1219 (10th Cir. 2006) ("A dismissal with prejudice is appropriate where a complaint fails to state a claim under Rule 12(b)(6) and granting leave to amend would be futile.") and *Foman v. Davis,* 371 U.S. 178, 182 (1962) (leave to amend "shall be freely given when justice so requires")). Plaintiff has not shown that he is likely to prevail on the merits of his appeal. Although he did not expressly notify Plaintiff Gardner that his Complaint failed to state claims against the Broker Defendants, United States Magistrate Judge Steven C. Yarbrough ordered Plaintiff to file an amended complaint and stated:

> The amended complaint must identify each Defendant Plaintiff is asserting claims against and clearly state what each Defendant did to Plaintiff. *See Nasious v. Two Unknown B.I.C.E. Agents, at Arapahoe County Justice Center*, 492 F.3d 1158, 1163 (10th Cir. 2007) ("[T]o state a claim in federal court, a complaint must explain what *each* defendant did to him or her; when [*each*] defendant did it; how [*each*] defendant's action harmed him or her; and, what specific legal right the plaintiff believes [*each*] defendant violated.").

Order to Amend and Show Cause at 6, Doc. 10, filed July 29, 2025. Judge Johnson dismissed Plaintiff's claims against the Broker Defendants because "[t]he Amended Complaint does not clearly explain what each of the Broker Defendants did to Plaintiff." Order of Dismissal at 4, filed December 1, 2025) (quoting Judge Yarbrough's Order). Plaintiff Gardner had an opportunity to amend his Complaint to state a claim against the Broker Defendants but failed to do so.

> Plaintiffs argue that they will suffer irreparable harm absent a stay because:

> if this Court proceeds to adjudicate the present action — including ruling on the sufficiency of claims against Defendants dismissed with prejudice in the original action — it risks issuing rulings that are inconsistent with, or mooted by, the Tenth Circuit's forthcoming decision in Case No. 25-2156.

4

> Moreover, forcing Plaintiffs to simultaneously litigate in this Court while prosecuting a live appeal in the Tenth Circuit imposes a concrete and irreparable burden on a pro se litigant. Courts have recognized that duplicative, parallel proceedings themselves constitute a form of irreparable injury. *Delphi Fin. Grp., Inc. v. Young*, No. CIV. 98-0289, 1998 WL 1820750, at *3 (D.N.M. July 15, 1998) (stay warranted where parallel litigation would impose substantial burdens and risk inconsistent adjudication).

Motion to Stay at 5-6.  Plaintiffs have not cited any legal authority showing that addressing inconsistent or mooted rulings constitutes irreparable harm.  Furthermore, the case Plaintiffs cited, *Delphi Fin. Grp., Inc. v. Young, No. CIV. 98-0289, 1998 WL 1820750, at *3 (D.N.M. July 15, 1998)*, appears to be a District Court case which is not binding on the undersigned.  *See United States v. Rhodes*, 834 Fed.Appx. 457, 462 (10th Cir. 2020) ("district courts in this circuit are bound by our decisions and those of the United States Supreme Court—they are not bound by decisions of other district courts, much less district courts in other circuits") (citing *Camreta v. Greene*, 563  U.S. 692, 709 n.7, (2011) ("A decision of a federal district court judge is not binding precedent in either a different judicial district, the same judicial district, or even upon the same judge in a different case")).

Moreover, it is not clear the cited case exists.  District of New Mexico case No. 98cv0289 is styled *Curley v. Jenkins* and does not have an order entered on July 15, 1998.  The Court's review of Court records did not find a District of New Mexico case styled *Delphi Fin. Grp., Inc. v. Young*.  A search on WestLaw for 1998WL1820750 returned several cases but none styled *Delphi Fin. Grp., Inc. v. Young*.  The Court orders Plaintiff Gardner to file a copy of *Delphi Fin. Grp., Inc. v. Young,* No. CIV. 98-0289, 1998 WL 1820750 (D.N.M. July 15, 1998).  Plaintiff Gardner must mark the copy to show the portions of the case that purportedly support Plaintiff's statements that "Courts have recognized that duplicative, parallel proceedings themselves constitute a form of

irreparable injury" and "stay warranted where parallel litigation would impose substantial burdens and risk inconsistent adjudication."

Plaintiffs also assert that a stay will not substantially injure the other parties and that "a stay benefits Defendant by sparing them the burden and expense of litigating in this forum while the identical claims are already under appellate review." Motion to Stay at 6. Plaintiffs did not file their Motion to Stay until after the Broker Defendants filed their Motion to Dismiss. Consequently, a stay will not spare the Broker Defendants the burden and expense of preparing their Motion to Dismiss. As for their burden and expense of preparing a reply, the Broker Defendants ask the Court to either deny the Motion to Stay or decide their Motion to Dismiss before deciding the Motion to Stay. *See* Response at 4, Doc. 15, filed February 25, 2026. Finally, the Broker Defendants assert that the Court does not have jurisdiction over this case. *See* Motion to Dismiss at 10-12. "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." Fed. R. Civ. P. 12(h)(3).

The Court grants Plaintiffs' Motion to Stay except as to the Broker Defendants. The Court orders Plaintiff William Gardner to file a response to the Broker Defendants' Motion to Dismiss within 14 days of entry of this Order.

**IT IS ORDERED** that:

(i)     Jardinero Investments LLC shall, within 14 days of entry of this Order, have an attorney authorized to practice before this Court enter an appearance on behalf of Jardinero Investments LLC. Failure to timely do so will result in dismissal of Jardinero Investments LLC's claims without prejudice.

(ii)    Plaintiffs['] Amended Motion to Stay Proceedings Pending Resolution of Appeal in the Tenth Circuit, Doc. 14, filed February 11, 2026, is **GRANTED in part** as

follows.  The Court stays all proceedings in this case except for the proceedings involving the Broker Defendants.

(iii)    Plaintiff William Gardner's response to the Broker Defendants' Motion to Dismiss, Doc. 10, filed February 5, 2026, is due within 14 days of entry of this Order.

(iv)    Plaintiff William Gardner shall, within 14 days of entry of this Order, file a copy of *Delphi Fin. Grp., Inc. v. Young,* No. CIV. 98-0289, 1998 WL 1820750 (D.N.M. July 15, 1998).  Failure to timely file the copy may result in sanctions.

(v)    Plaintiff William Gardner shall, within 14 days of entry of the mandate by the United States Court of Appeals for the Tenth Circuit in *Gardner I*, file a notice in this case of the entry of the mandate.

**UNITED STATES DISTRICT JUDGE**