**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER and
JARDINERO INVESTMENTS LLC,

      Plaintiff,

v.                                  No. 1:25-cv-01212-SMD-SCY

COLDWELL BANKER LEGACY LLC,
JUMP INC.,
JOHN LOPEZ,
PLATINUM REAL ESTATE PARTNERS LLC,
NEW MEXICO LAND AND TITLE CO.,
CHAD HAMM,
STATE OF NEW MEXICO,
GATTON & ASSOCIATES, P.C.,
GIDDENS AND GATTON LAW FIRM P.C.,
DAVID GIDDENS, in his official and individual capacities,
CHRIS GATTON, in his official and individual capacities,
BURRAGE & JOHNSON, CPAs, LLC, ACCOUNTING, and
JEROME JOHNSON, in his official and individual capacities,

      Defendants.

**ORDER IMPOSING SANCTION**

Plaintiffs asked the Court to stay proceedings in this case pending the resolution of the appeal in a previous case filed by Plaintiff William Gardner with the same parties, the same claims, and the same underlying acts at issue in the present case. *See* Amended Motion to Stay Proceedings Pending Resolution of Appeal in the Tenth Circuit, Doc. 14, filed February 11, 2026 ("Motion to Stay").

The Court granted the Motion to Stay in part and notified Plaintiffs that it is not clear that a case cited in the Motion to Stay, *Delphi Fin. Grp., Inc. v. Young, No. CIV. 98-0289, 1998 WL 1820750, at \*3 (D.N.M. July 15, 1998)*, exists. *See* Order at 5-6, Doc. 16, filed May 6, 2026. The

Court ordered Plaintiff William Gardner[1] to file a copy of *Delphi Fin. Grp., Inc. v. Young,* No. CIV. 98-0289, 1998 WL 1820750 (D.N.M. July 15, 1998) ("*Delphi*"), and notified Plaintiff William Gardner that failure to timely file a copy of *Delphi* may result in sanctions. *See* Order at 7. Plaintiff William Gardner did not file a copy of *Delphi* by the May 20, 2026, deadline.

The Court then ordered Plaintiff William Gardner to show cause why the Court should not sanction him $1,000.00 for failure to timely file a copy of *Delphi Fin. Grp., Inc. v. Young,* No. CIV. 98-0289, 1998 WL 1820750 (D.N.M. July 15, 1998) or otherwise respond to the Court's Order. *See* Order to Show Cause at 3, Doc. 18, filed May 22, 2026. Plaintiff William Gardner did not show cause why the Court should not sanction him by the June 5, 2026, deadline.

On May 26, 2026, prior to the June 5 deadline to respond to the Order to Show Cause, Plaintiff William Gardner filed a Notice of Voluntary Dismissal. *See* Doc. 19. The Notice of Voluntary Dismissal does not relieve Plaintiff William Gardner of his obligation to comply with the Court's Order to Show Cause.

> Even when a court lacks subject-matter jurisdiction over the substantive merits of a case, it retains the inherent authority to issue orders on matters collateral to the merits and to conduct sanction proceedings and to impose any sanction for abusive conduct for which sanctions are authorized by the federal rules of procedure or federal statutes, including awarding costs or attorney fees, imposing punishment for criminal contempt, and issuing sanctions under Rule 11. *Cooter & Gell v. Hartmarx Corp.,* 496 U.S. 384, 395–96, 110 S.Ct. 2447, 110 L.Ed.2d 359 (1990); *Willy v. Coastal Corp.,* 503 U.S. 131, 136–37, 112 S.Ct. 1076, 117 L.Ed.2d 280 (1992) (holding district court may impose sanctions for conduct that occurred during a proceeding in which the court lacked subject matter jurisdiction). "[I]t is firmly established that the power to punish for contempts is inherent in all courts."

---

[1] Plaintiff William Gardner, who is not an attorney licensed to practice in this Court and thus cannot bring claims on behalf of Jardinero, signed and filed the Amended Complaint and the Motion on behalf of himself and Plaintiff Jardinero Investments LLC ("Jardinero"). The Court later dismissed Jardinero's claims because Jardinero did not comply with the Court's Order to have an attorney authorized to practice before this Court enter an appearance on behalf of Jardinero by May 20, 2026. *See* Order, Doc. 17, filed May 22, 2026 (citing D.N.M.LR-Civ. 83.7 which requires that a corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court).

*Chambers v. NASCO, Inc.,* 501 U.S. 32, 44, 111 S.Ct. 2123, 115 L.Ed.2d 27 (1991) (alteration and internal quotation marks omitted).

*Lundahl v. Halabi*, 600 Fed.Appx. 596, 605-06 (10th Cir. 2014).; *CGC Holding Co., LLC v. Hutchens*, 780 Fed.Appx. 604, 606 (10th Cir. 2019) ("In general, the imposition of costs, attorney fees, and contempt sanctions involve collateral issues that may be considered after the principal suit has been terminated") (citing *Cooter & Gell v. Hartmarx Corp.*, 496 U.S. 384, 396 (1990)).

The Court **SANCTIONS** Plaintiff William Gardner based on his failure to timely comply with or otherwise respond to the Court's Order to file a copy of *Delphi Fin. Grp., Inc. v. Young,* No. CIV. 98-0289, 1998 WL 1820750 (D.N.M. July 15, 1998) and the Court's Order to Show Cause why the Court should not sanction him. Plaintiff William Gardner shall, within 14 days of entry of this Order: (i) pay $1,000.00 by mailing to the Court a check payable to Clerk of the U.S. District Court; and (ii) file a notice in this case documenting his compliance with this Order. Failure to timely comply with this Order may result in additional sanctions.

**IT IS SO ORDERED.**

**UNITED STATES DISTRICT JUDGE**

3