**IN THE UNITED STATES DISTRICT COURT**

**FOR THE DISTRICT OF NEW MEXICO**

WILLIAM GARDNER and
JARDINERO INVESTMENTS LLC,

Plaintiff,

v. No. 1:25-cv-01212-SMD-SCY

COLDWELL BANKER LEGACY LLC,
JUMP INC.,
JOHN LOPEZ,
PLATINUM REAL ESTATE PARTNERS LLC,
NEW MEXICO LAND AND TITLE CO.,
CHAD HAMM,
STATE OF NEW MEXICO,
GATTON & ASSOCIATES, P.C.,
GIDDENS AND GATTON LAW FIRM P.C.,
DAVID GIDDENS, in his official and individual capacities,
CHRIS GATTON, in his official and individual capacities,
BURRAGE & JOHNSON, CPAs, LLC, ACCOUNTING, and
JEROME JOHNSON, in his official and individual capacities,

Defendants.

**ORDER DENYING MOTION TO RECONSIDER**

*Pro se* Plaintiffs asked the Court to stay proceedings in this case pending the resolution of the appeal in a previous case filed by Plaintiff William Gardner ("Gardner") with the same parties, the same claims, and the same underlying acts at issue in the present case. *See* Amended Motion to Stay Proceedings Pending Resolution of Appeal in the Tenth Circuit, Doc. 14, filed February 11, 2026 ("Motion to Stay").

The Court granted the Motion to Stay in part and notified Plaintiffs that it is not clear that a case cited in the Motion to Stay, *Delphi Fin. Grp., Inc. v. Young, No. CIV. 98-0289, 1998 WL 1820750, at *3 (D.N.M. July 15, 1998)*, exists. *See* Order at 5-6, Doc. 16, filed May 6, 2026. The

Court ordered Gardner[1] to file a copy of *Delphi Fin. Grp., Inc. v. Young,* No. CIV. 98-0289, 1998 WL 1820750 (D.N.M. July 15, 1998) ("*Delphi*"), and notified Gardner that failure to timely file a copy of *Delphi* may result in sanctions. *See* Order at 7. Gardner did not file a copy of *Delphi* by the May 20, 2026, deadline.

The Court then ordered Gardner to show cause why the Court should not sanction him $1,000.00 for failure to timely file a copy of *Delphi Fin. Grp., Inc. v. Young,* No. CIV. 98-0289, 1998 WL 1820750 (D.N.M. July 15, 1998) or otherwise respond to the Court's Order. *See* Order to Show Cause at 3, Doc. 18, filed May 22, 2026. Gardner did not show cause why the Court should not sanction him by the June 5, 2026, deadline.

On May 26, 2026, prior to the June 5 deadline to respond to the Order to Show Cause, Gardner filed a Notice of Voluntary Dismissal. *See* Doc. 19.

On June 12, 2026, the Court sanctioned Gardner based on his failure to timely comply with or otherwise respond to the Court's Order to file a copy of *Delphi Fin. Grp., Inc. v. Young,* No. CIV. 98-0289, 1998 WL 1820750 (D.N.M. July 15, 1998) and the Court's Order to Show Cause why the Court should not sanction him. *See* Order Imposing Sanction at 3, Doc. 20, filed June 12, 2026 (ordering Gardner: (i) pay $1,000.00 by mailing to the Court a check payable to Clerk of the U.S. District Court; and (ii) file a notice in this case documenting his compliance with this Order). The Court notified Gardner that his Notice of Voluntary Dismissal does not relieve of his obligation

---

[1] Plaintiff William Gardner, who is not an attorney licensed to practice in this Court and thus cannot bring claims on behalf of Jardinero, signed and filed the Amended Complaint and the Motion on behalf of himself and Plaintiff Jardinero Investments LLC ("Jardinero"). The Court later dismissed Jardinero's claims because Jardinero did not comply with the Court's Order to have an attorney authorized to practice before this Court enter an appearance on behalf of Jardinero by May 20, 2026. *See* Order, Doc. 17, filed May 22, 2026 (citing D.N.M.LR-Civ. 83.7 which requires that a corporation, partnership or business entity other than a natural person must be represented by an attorney authorized to practice before this Court).

to comply with the Court's Order to Show Cause. *See* Order Imposing Sanction at 2-3 (notifying Gardner that the Court retains inherent authority to issue orders on collateral matters, including sanctions, after the suit has been terminated) (quoting cases).

Gardner now asks the Court to reconsider its Order Imposing Sanction. *See* Plaintiff William Gardner's Motion to Reconsider and to Vacate or Reduce the Order Imposing Sanction, Doc. 21, filed June 15, 2026 ("Motion"). Gardner asserts that his failures to file a copy of *Delphi* and to respond to the Order to Show Cause were not willful but instead were the result of his mistaken belief that voluntarily dismissing this case "relieved him of any need to respond." Motion at 2-3. Gardner states he "withdraws any and all reliance on that citation and on any argument that depended upon it." Motion at 6 (admitting that "the citation originated from an AI-assisted legal research tool that [Gardner] consulted while preparing his motion to stay, and he included it without independently confirming it against a primary source" and "having since attempted to locate the decision, [Gardner] cannot verify that any decision matching the citation as stated exists"). Gardner asks the Court to: (i) accept the Motion to Reconsider as his belated response to the Order to Show Cause and excuse his earlier non-response; and (ii) vacate the Order Imposing Sanction, or in the alternative reduce the sanction. *See* Motion at 9.

Gardner argues that the $1,000.00 sanction is punitive because it "is not compensatory: it is payable to the Court" and it is not "coercive: the conduct cannot be cured, the case is closed." Motion to Reconsider at 7. The Court did not impose the sanction to "cure" Gardner's citation of a non-existent case; the Court imposed the sanction to deter repetition of such conduct. *See United States v. Akers*, 76 F.4th 982, 992 (10th Cir. 2023) (when a court, under its inherent powers, imposes a sanction, "the sanction must be the minimum amount reasonably necessary to deter the undesirable behavior"). The fact that this case is closed is irrelevant because Gardner may continue

to proceed *pro se* before this Court in an appeal from this Order, in his cases currently pending in this Court, in his cases which are currently on appeal after the United States Court of Appeals transfers jurisdiction back to this Court, and in any new cases Gardner may file or in any cases removed from state court in which he is a litigant.[2] Gardner's assertion that the $1,000.00 sanction exceeds what is necessary to deter the conduct at issue, due to the absence of willfulness and the absence of harm to any party, is not persuasive. While no party may have been harmed, the Court expended resources researching and addressing Gardner's citation to *Delphi*. More importantly, the Court has repeatedly reminded Plaintiff of his obligation to comply with Rule 11 of the Federal Rules of Civil Procedure. *See* Case Nos. 24cv1305 WJ/JFR, 25cv198 KWR/JFR, 25cv483 KG/GJF, 25cv485 KWR/GBW, 25cv684 WJ/SCY, 25cv730 SMD/SCY, 25cv820 MLG/SCY, 25cv873 WJ/JHR, 25cv1212 SMD/SCY, 26cv1328 DHU/SCY (notifying Gardner that failure to comply with Court Orders and the Federal and Local Rules of Civil Procedure may result in sanctions including dismiss and quoting Rule 11(b) in its entirety regarding representations to the Court and Gardner's certification that, among other things, his legal contentions "are warranted by existing law"). Those repeated reminders of a litigant's obligations pursuant to Rule 11(b) were apparently not sufficient to deter Gardner from citing a non-existent case.

Gardner also argues the $1,000.00 penalty violates the Excessive Fines Clause of the Eighth Amendment.

> The Eighth Amendment reads, "Excessive bail shall not be required, *nor excessive fines imposed*, nor cruel and unusual punishments inflicted." U.S. Const. amend. VIII (emphasis added).
>
> "The touchstone of the constitutional inquiry under the Excessive Fines Clause is the principle of proportionality: The amount of the forfeiture must bear some relationship to the gravity of the offense that it is designed to punish." *Bajakajian*, 524 U.S. at 334, 118 S.Ct. 2028. More specifically, "[i]f the amount of the forfeiture

[2] Gardner is a plaintiff in 15 cases filed in this Court from 2024 to 2026.

> is *grossly* disproportional to the gravity of the defendant's offense, it is unconstitutional." *Id.* at 337, 118 S.Ct. 2028 (emphasis added).
>
> To test for gross disproportionality, the *Bajakajian* "Court examined several factors. One of the most important was Congress's judgment about the appropriate punishment," as indicated mainly by the "[m]aximum statutory fines." *Wagoner Cnty.*, 278 F.3d at 1100. We, in turn, have approvingly cited an Eleventh Circuit case holding "if the value of forfeited property is within the range of fines prescribed by Congress, a strong presumption arises that the forfeiture is constitutional." *Id.* (quoting *United States* v. *817 N.E. 29th Dr.*, 175 F.3d 1304, 1309 (11th Cir. 1999)). "Additional factors for consideration of the gravity of the offense include the extent of the [unlawful] activity, related illegal activities, and the harm caused to other parties." *Id.* (citing *Bajakajian*, 524 U.S. at 337–39, 118 S.Ct. 2028).

*Fabrizius v. Dept. of Agriculture*, 129 F.4th 1226, 1248-49 (10th Cir. 2025) (footnotes omitted) "[T]he party alleging an Eighth Amendment violation bears the burden to demonstrate gross disproportionality." *Fabrizius v. Dept. of Agriculture*, 129 F.4th at 1249.

Gardner asserts:

> The conduct here is of minimal gravity. It consists of two non-willful omissions by a *pro se* litigant: a citation included in reliance on a research tool and promptly withdrawn once Plaintiff could not verify it, and a failure to respond to the Order to Show Cause in the prescribed form, where Plaintiff in fact filed a timely voluntary dismissal in the good-faith belief that doing so addressed the Court's concerns (Section III). Neither omission caused harm to any party or disrupted proceedings that Plaintiff voluntarily ended. A $1,000.00 punitive fine is disproportional to conduct of that character. Plaintiff raises this constitutional ground to preserve it, and respectfully submits that the proportionality concern in Section V.A independently warrants relief.

Motion to Reconsider at 8 (Section V.A asserts the monetary sanction is not compensatory and cannot "cure" Gardner's conduct because the case is closed, and exceeds the amount "necessary to vindicate the interests the Court identified—each of which is fully served by [Gardner's] acknowledgment of error, his withdrawal of the citation, and the dismissal" and because of Gardner's pro se status, the absence of willfulness, and the absence of harm to any party).

The Court finds the $1,000.00 sanction is not grossly disproportionate. Based on Gardner's failure to comply with Rule 11 after being repeatedly reminded of his obligation to do so suggests

another non-monetary reminder will likely not be sufficient and that a monetary sanction is required. The $1,000.00 sanction is consistent with sanction amounts courts have imposed on attorneys for failing to ensure cited cases exist. *See* Order on Sanctions and Other Disciplinary Action at 8-11, Doc. 28, filed April 2, 2025, in *Dehghani v. Castro*, No. 2:25-cv-00052-MIS-DLM (D.N.M.) (summarizing cases ordering attorneys to pay $1,000.00 to $15,000.00 for failure to ensure cited cases exist and imposing other non-monetary sanctions; citing one case where a court ordered an attorney to pay a sanction of $1,500.00 for filing a motion that cited one case that did not exist, citing another case where a court ordered an attorney to pay $2,000.00 for filing a response that cited two cases that did not exist, citing another case where a court fined two attorneys, who were not the drafting attorneys but signed the brief without reviewing it, $1,000.00 each, and citing one case where a court fined an attorney a total of $15,000.00 -- $5,000.00 for each of three briefs that cited three cases that did not exist); *see also* Order at 10-11, Doc. 5, filed December 8, 2025 (notifying Gardner that *pro se* litigants are held to the same standards of professional responsibility as trained attorneys, that it is Gardner's responsibility to become familiar with and to comply with the Federal and Local Rules of Civil Procedure and that failure to comply with Court orders and the Federal and Local Rules of Civil Procedure may result in a monetary sanction; also quoting Rule 11(b) of the Federal Rules of Civil Procedure).

**IT IS ORDERED** that:

(i) Plaintiff William Gardner's Motion to Reconsider and to Vacate or Reduce the Order Imposing Sanction, Doc. 21, filed June 15, 2026, is **DENIED.**

(ii) Plaintiff William Gardner shall, within 14 days of entry of this Order: (i) pay $1,000.00 by mailing to the Court a check payable to Clerk of the U.S. District

Court; and (ii) file a notice in this case documenting his compliance with this Order.

Failure to timely comply with this Order may result in additional sanctions.

**UNITED STATES DISTRICT JUDGE**